UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20816-CR-LENARD/TORRES

**UNITED STATES OF AMERICA**

    Plaintiff,

vs.

**ROGER SHUTTS**

    Defendant.
_____/

**ORDER ADOPTING REPORTS OF MAGISTRATE JUDGE (D.E. 48 AND 51), DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR TO TRANSFER CASE PURSUANT TO RULE 21 (D.E. 38), AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT II (D.E. 39)**

**THIS CAUSE** is before the Court on the Order on Defendant's Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21[1] ("Report on Defendant's Motion to Dismiss for Improper Venue," D.E. 48) filed on December 5, 2007, and on the Report and Recommendation on Defendant's Motion to Dismiss Count II (D.E. 51) filed on December 6, 2007. Defendant filed Objections to the Magistrate Judge's Order Denying His Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21 (D.E. 56) and Objections to Magistrate Judge's Report and Recommendation to Deny Shutts' Motion to Dismiss Count II (D.E. 57) (collectively, "Defendant's Objections") on December 21, 2007. Having reviewed the Reports, the Objections, and the record de novo, the Court finds as

---

[1] The Magistrate Judge styled his Report as an Order. However, the Motion to Dismiss for Improper Venue is an outcome determinative motion and accordingly we construe it as a Report and Recommendation.

follows.

## I.   Factual and Procedural Background

The following facts are taken from the Magistrate Judge's Report and are not objected to by the Parties:

This case stems from a government sting operation targeting individuals who travel overseas with the intent of having sex with a minor. Specifically, Defendant responded to an advertisement in an adult magazine by a company entitled Latin American Pleasure Tours, that specialized in "providing clean, fun-loving companion of varying ages for your pleasure vacation." (D.E. 38 at 2.) Unbeknownst to Defendant, the company was an undercover operation run by federal authorities. Through a series of recorded telephone conversations between June 26, 2007 and July 16, 2007, law enforcement learned that Defendant requested the sexual services of a fourteen to fifteen year old female during his upcoming vacation to San Jose, Costa Rica. For this service, Defendant sent payment through the U.S. Postal Service in an Express Mail envelope to the company's post office box located in this District.[2] Once payment was received, law enforcement, still posing as agents from Latin American Pleasure Tours, spoke to Defendant to confirm receipt of payment.

On July 26, 2007, Defendant was to fly through Miami International Airport en route

---

[2]   There is some discrepancy as to how much money Defendant sent. The Government's Motion suggests Defendant paid with three separate money orders, two for $1,000 and one for $100. However, Agent Amanda C. Coder's probable cause affidavit notes that Defendant only paid $600. Regardless, it is uncontroverted in the record that Defendant sent some material amount of money through the U.S. Postal Service in an Express Mail envelope to the undercover company's post office box located in Ft. Lauderdale, Florida.

to Costa Rica.³ Defendant boarded the first two legs of his flight, but during his layover in Miami, he was apprehended by authorities. On his person was a confirmation letter that he was supposed to give the contact person in Costa Rica in order to obtain the minor. Defendant was arrested and given his Miranda warnings, and made several incriminating statements regarding his travel plans and of his desire to engage in sexual relations with a minor.

Prior to this incident, Mr. Shutts had never been to the Southern District of Florida. He lives and works in Rochester, New York. The advertisement he responded to was circulated in New York, and there was no Florida telephone number or address on the advertisement.

Defendant was charged with two counts in the Indictment. Count 1 alleges that Defendant "using the mail or any facility or means of interstate or foreign commerce, did knowingly attempt to persuade, induce, entice, or coerce any individual under the age of 18 years to engage in prostitution" in violation of 18 U.S.C. § 2422(b). Count 2 alleges that Defendant "did knowingly attempt to travel and traveled in interstate and foreign commerce for the purpose of engaging in illicit sexual conduct" with a minor, in violation of 18 U.S.C. § 2423(b) and (e).

**II.    Reports of the Magistrate Judge**

---

³ Defendant states in his Objection to the Report on Venue that, "the FBI agents, purporting to be travel agents, arranged for Mr. Shutts to travel through this District en route to Costa Rica, so he could be arrested here." (D.E. 56 at 2.) Whether this means that the FBI agents actually booked Defendant's flight is unclear. However, this does not effect the Court's finding that venue is appropriate in this District.

A.     Report on Defendant's Motion to Dismiss for Improper Venue

In his Report on Defendant's Motion to Dismiss for Improper Venue, the Magistrate Judge concluded that the Southern District of Florida is a proper venue for this case and that Defendant's Motion to Dismiss for Improper Venue should be denied.

The Magistrate Judge found that, to establish venue, the Government needs to show either (i) that Defendant's offense "was begun, continued, or completed" in this District, or (ii) that Defendant's offense involved "use of the mails" or transportation in interstate commerce, and that the mail or person traveling interstate went "through, or into" this District. 18 U.S.C. § 3237(a). The Magistrate Judge found that the Government had made both showings: first, by using the telephone to call law enforcement in this District, sending money through the U.S. mail to a post office box located in this District, then stopping in this District en route to Costa Rica, Defendant "continued" the crime in this District; second, the charged offense involved "use of the mails," the mail matter went "through, or into" Ft. Lauderdale, Florida, and Defendant transported himself "in interstate or foreign commerce." The Magistrate also dismissed Defendant's argument of "manufactured venue" as "illusory" and inapplicable to this case. Accordingly, the Magistrate Judge recommended denial of Defendant's Motion to Dismiss for Improper Venue.

The Magistrate Judge also recommended against transferring venue to another district. Fed. R. Crim. P. 21 allows the Court to transfer the proceeding "to another district for the convenience of the parties and witnesses and in the interest of justice." The Magistrate Judge

4

found that the crime was committed in South Florida as much as it was committed in New York: in fact, the Defendant had material and incriminating contacts in this District that furthered the allegedly unlawful activity more than any actions that Defendant made in New York.

B.  Report on Defendant's Motion to Dismiss Count II

In his Report on Defendant's Motion to Dismiss Count II, the Magistrate Judge concluded that the charging statute is not unconstitutional as argued by Defendant and therefore Defendant's Motion to Dismiss Count II should be denied.

First, the Magistrate Judge found that 18 U.S.C. § 2423 is a valid exercise of Congress's power under the Commerce Clause to regulate "channels of commerce." As Defendant spoke to government authorities over the telephone to request the sexual services of a minor, used the mail to pay for these illicit services, and boarded an airplane to travel to Florida and then Costa Rica to engage in this illicit activity, his actions all involve the channels of commerce. The Magistrate Judge ignored Defendant's arguments regarding the Foreign Commerce Clause, as the Domestic Commerce Clause is the relevant provision in this case. The Magistrate Judge also disregarded Defendant's attempt to distinguish cases from other Circuit Courts upholding § 2423 as constitutional on the grounds the Circuits were "wrong to apply domestic commerce clause law to these cases." The Magistrate Judge found that Defendant's argument was without support, and, even if § 2423 solely implicated the foreign Commerce Clause, its validity would then be even more certain, as the Supreme

5

Court has long held that Congress's authority to regulate foreign commerce is even broader than its authority to regulate interstate commerce.

Second, the Magistrate Judge found that § 2423 is facially valid. The Magistrate Judge found that Defendant failed to make any valid argument regarding the language of § 2423 that would render it overbroad. Additionally, Defendant's argument that the Second and Fifth Circuits' interpretation of § 2423 possibly criminalizes otherwise legal conduct actually served to defeat Defendant's facial challenge.

Third, the Magistrate Judge declined to address Defendant's "as applied" challenge to § 2423 because the argument cannot be addressed on a motion to dismiss as it necessarily relies on facts not contained on the face of the indictment.

Fourth, and finally, the Magistrate Judge denied Defendant's claim that the indictment failed to state a cause of action. The Magistrate Judge found that the plain language of the statute criminalizes interstate travel with the intent to engage in illicit sexual conduct with a minor and this exact allegation is outlined in Count 2 of the indictment.

### III.   Defendant's Objection

Defendant's Objections to the Magistrate Judge's Reports contain one-paragraph summaries of the Magistrate Judge's findings and otherwise copy the language of his original Motions verbatim. Under Local Magistrate Rule 4, a party's written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal

6

authority." Defendant's Objections merely repeat the legal arguments that he made in his Motions and fail to make any specific reference (or any reference at all) to the Magistrate Judge's Reports.

### IV.   Analysis

A.   Defendant's Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21

Congress has provided guidance as to the proper venue for prosecution of offenses begun in one federal district and completed in another:

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a).

The Magistrate Judge found that under the standard set forth in § 3237(a), venue was proper in the Southern District of Florida: first, by using the telephone to call law enforcement in this District, sending money through the U.S. mail to a post office box located in this District, then stopping in this District en route to Costa Rica, Defendant "continued" the crime in this District; second, the charged offense involved "use of the mails," the mail matter went "through, or into" Ft. Lauderdale, Florida, and Defendant

7

transported himself "in interstate or foreign commerce."  This Court agrees with the Magistrate Judge and finds that venue in this district is proper.

Defendant's reliance on United States v. Cabrales, 524 U.S. 1 (1998) for the proposition that venue is improper in this district because Defendant was lured here by the Government is inapposite.  Cabrales involved a defendant that was tried in Missouri for money laundering offenses that occurred solely in Florida.  Id. at 4.  In Cabrales, the defendant had no contact with Missouri whatsoever, while Defendant in this case had a number of substantial contacts with the Southern District of Florida.

This Court also concurs with the Magistrate Judge in rejecting Defendant's "manufactured venue" argument.  There is no indication at all from the Record - besides Defendants' conclusory allegations to the contrary - that the government centered its undercover operation in this district in order to create venue.  See U.S. v. Dabbs, 134 F.3d 1071, 1079 n.10 (11th Cir. 1998) ("The appellants fail to show that the government orchestrated the undercover operation in order to create venue.").

This Court also declines to grant Defendant's Motion to Transfer the Case Pursuant to Rule 21.  Fed. R. Crim. P. 21 allows the Court to transfer the proceeding "to another district for the convenience of the parties and witnesses and in the interest of justice."  As noted by the Magistrate Judge, South Florida is probably a more convenient forum as the Defendant had material and incriminating contacts in this District that furthered the allegedly unlawful activity more than any actions performed by Defendant in New York.

Accordingly, Defendant's Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21 is DENIED.

      B.      Defendants' Motion to Dismiss Count II

Count II of the Indictment alleges that Defendant "did knowingly attempt to travel and traveled in interstate and foreign commerce for the purpose of engaging in illicit sexual conduct" with a minor, in violation of 18 U.S.C. § 2423(b) and (e). Defendant raises several arguments regarding the constitutionality of § 2423(b). Specifically he argues that the statute exceeds Congress's authority under the Foreign Commerce Clause, and that the statute is facially unconstitutional and unconstitutional as applied to him. Defendant also appears to argue that the Indictment fails to state a cause of action. This Court agrees with the Magistrate Judge that none of these arguments is persuasive.

Defendant's argument regarding the validity of § 2423(b) under the Foreign Commerce Clause is misplaced. Congress may regulate three broad categories of conduct under the Commerce Clause. (i) the use of the channels of interstate commerce; (ii) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even thought the threat may come only from intrastate activities; and (iii) activities having a substantial relation to interstate commerce. United States v. Lopez, 514 U.S. 549 (1995). Channels of commerce are the interstate transportation routes through which persons and good move, and include highways, railroads, navigable waters, airspace, and even telecommunications networks. See U.S. v. Ballinger, 395 F.3d 1218, 1225-1226 (11th Cir.

2005). This Court agrees with the Magistrate Judge's finding that Defendant utilized a number of channels of commerce in performing his alleged offenses. Defendant's arguments regarding the validity of § 2423(b) under the "Foreign Commerce Clause" are irrelevant and ignore the proper application of the Commerce Clause.

Defendant's argument that § 2423(b) is unconstitutional on its face also fails. The Supreme Court recognizes the validity of facial attacks alleging overbreadth in relatively few settings, and only for compelling interests such as potential restrictions of free speech, the right to travel, and abortion. Sabri v. United States, 541 U.S. 600, 609 (2004). Defendant fails to state any reason for bringing his facial challenge to § 2423(b) and he does not attack or even discuss the language of the statute anywhere in his Motion. As noted by the Magistrate Judge, Defendant's argument seems to be that the statute has the potential to criminalize legal conduct abroad such as driving on the wrong side of the street in England or speeding in Germany. This Court agrees with the Magistrate Judge that these are not the type of compelling interests that would support a facial challenge for unconstitutional overbreadth.

This Court is also unpersuaded by Defendant's argument that § 2423(b) is unconstitutional as applied to him. As stated by the Magistrate Judge, "Based on what has been alleged, and without other evidence to consider, Defendant cannot show that the statute is unconstitutional as applied to him because the statute clearly applies to the alleged conduct and that conduct is well within the power of the Congress to regulate channels of commerce."

10

(D.E. 51 at 8.)

Finally, this Court declines to accept Defendant's argument that the Indictment fails to state a cause of action pursuant to Fed. R. Crim. P. 12(b).  At no point does Defendant address why the alleged acts in the indictment fall outside the scope of § 2324.  The language in the Indictment clearly mirrors the language of the statute, and, as noted by the Magistrate Judge, if the Government is correct in its assertions, a reasonable jury could find Defendant guilty under § 2324.

Accordingly, Defendant's Motion to Dismiss Count II is DENIED.

**V.    Conclusion**

After an independent review of the Reports, the Objections, and the record, the Court finds (1) that the Magistrate Judge thoroughly and carefully considered and analyzed Defendant's Motions; and (2) that Defendant's Objections do not cast doubt on the recommendations made in the Reports, particularly in light of the absence of any citations to legal authority or specific objections therein.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. The Report and Recommendation on Defendant's Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21 (D.E. 48) and the Report and Recommendation on Defendant's Motion to Dismiss Count II (D.E. 51) are **ADOPTED.**

...

2. Defendant's Motion to Dismiss for Improper Venue or to Transfer Case Pursuant to Rule 21 (D.E. 38) and Motion to Dismiss Count II (D.E. 39) are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of January, 2008.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Edwin G. Torres
      All counsel of record
      **07-20816-CIV-LENARD/TORRES**